In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-16-00201-CV

_____

**LONE STAR GROUNDWATER CONSERVATION DISTRICT, RICHARD J. TRAMM, SAM W. BAKER, M. SCOTT WEISINGER, JIM STINSON, JOHN D. BLEYL, JACE HOUSTON, ROY MCCOY JR., RICK MOFFATT, AND W.B. WOOD, Appellants**

**V.**

**CITY OF CONROE, TEXAS, QUADVEST, L.P., WOODLAND OAKS UTILITY, L.P., CRYSTAL SPRINGS WATER CO., INC., EVERETT SQUARE, INC., E.S. WATER CONSOLIDATORS, INC., UTILITIES INVESTMENT CO., INC., AND T&W WATER SERVICE COMPANY, Appellees**

_____

**On Appeal from the 284th District Court
Montgomery County, Texas
Trial Cause No. 15-08-08942-CV**

_____

**OPINION**

In this interlocutory appeal, the Lone Star Groundwater Conservation District[1]

and its Directors seek appellate review of orders overruling their pleas to the

_____

[1] Throughout the opinion, we refer to Lone Star Groundwater Conservation District as "the District," and its directors as "Directors."

1

jurisdiction. In their pleas, the District and the District's directors challenged the trial court's power to decide the claims of several "Large Water Producers,"[2] who sued the District and its directors because the District was threatening to enforce groundwater production rules that the Large Water Producers asserted in the suit were invalid. According to the Large Water Producers, the rules they challenge are invalid because they attempt to regulate the production of groundwater in ways the Legislature never authorized.

While the Large Water Producers' petition includes claims that the pleas did not address, this appeal, with respect to the District, concerns the Large Water Producers' challenge to the validity of the District's rules that placed limits on the volume of groundwater that each Large Water Producer was allowed to produce on a yearly basis from its wells. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001-.011 (West 2015) (Declaratory Judgments Act). While the Large Water Producers acknowledge that the Legislature delegated some authority to the District to regulate groundwater, they claim the Legislature did not authorize groundwater districts to place annual production limits on individual groundwater producers regardless of

---

[2] In the opinion, we refer to the group of plaintiffs that sued the District and its Directors as "Large Water Producers." The members included in the group referred to as Large Water Producers are: The City of Conroe, Texas, Quadvest, L.P., Woodland Oaks Utility, L.P., Crystal Springs Water Co., Inc., Everett Square, Inc., E.S. Water Consolidators, Inc., Utilities Investment Co., Inc., and T&W Water Service Company.

the number of wells or acreage owned by a producer. Additionally, in its petition, the Large Water Producers asserted section 37.009 of the Declaratory Judgments Act authorized their recovery of fees from the District should they prevail on the claims they raised in their suit. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (authorizing trial courts, in suits filed under the Declaratory Judgments Act, to award reasonable and necessary attorney's fees and costs as are equitable and just).

In response to the petition, the District asserted that while the Declaratory Judgments Act generally authorizes courts to consider challenges asserting that a statute or ordinance is invalid, it claimed the Act did not authorize the courts to consider complaints about the validity of a governmental entity's rules. *See id.* § 37.004 (Subject Matter of Relief). The District also argues that the Declaratory Judgments Act does not operate as a general waiver of immunity, and that it did not waive immunity with respect to claims seeking to recover attorney's fees.

The Directors' plea asserted that they were immune from all of the claims the Large Water Producers were making in their suit. According to the Directors, because the Large Water Producers' claims all concern their votes on rules adopted by the District, the Water Code immunized them from the claims which were all based on their official votes or actions. *See* Tex. Water Code Ann. § 36.066(a) (West Supp. 2016). On appeal, the Directors argue that the trial court should have

3

dismissed them from the suit based on the immunity the Legislature extended to them in section 36.066(a) of the Texas Water Code. *Id.*

With respect to the arguments the Directors raise in their appeal, we agree that the Large Water Producers' claims are based entirely on the votes the directors cast on the rules the Large Water Producers have challenged in their suit. Because the Water Code immunizes directors of groundwater districts from claims that are based on their votes as directors, we hold that the trial court abused its discretion when it denied the Directors' pleas. *Id.*

With respect to the District's appeal, we conclude that the Texas Water Code expressly authorizes courts to consider challenges that concern the validity of a groundwater district's rules. We further conclude that the Legislature, in the Water Code, expressly authorized the courts to remedy a successful challenge to the validity of a groundwater district's rules by declaring the groundwater district's rules invalid. *See* Tex. Water Code Ann. § 36.251 (West Supp. 2016) (providing that anyone affected by a rule of a groundwater district may file suit against the district to challenge the validity of the rule); Tex. Water Code Ann. § 36.254 (West 2008) (as to groundwater districts, making the Water Code cumulative of other legal and equitable remedies). Consequently, we hold the trial court did not abuse its discretion by denying the Large Water Producers' plea as to the claims the Large Water Producers filed to challenge the validity of certain of the District rules. Nonetheless,

4

we further conclude that no provisions of the Texas Water Code authorize a court to award attorney's fees to a party who successfully challenges the validity of a groundwater district's rules. Additionally, the Declaratory Judgments Act does not independently waive a groundwater district's governmental immunity with respect to claims for attorney's fees. *Compare* Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (generally authorizing attorney's fees for proceedings that are brought under the Declaratory Judgments Act), *with* Tex. Water Code Ann. § 36.066(g)-(h) (West Supp. 2016) (authorizing courts to award attorney's fees to a groundwater district if the groundwater district prevails in a suit; however, provision is silent regarding awarding attorney's fees to a party who successfully challenges the validity of a groundwater district's rules). Therefore, we hold the trial court erred when it failed to grant the District's plea with respect to the Large Water Producers' claims for attorney's fees.

## Background

The Large Water Producers consists of several private and public entities that produce groundwater from wells in Montgomery County. In 2015, dissatisfied with the production limits the District created through the rulemaking authority delegated to it by the Legislature, the Large Water Producers filed suit claiming that the rules the District created imposing per-producer yearly production limits on their

production of groundwater were invalid because they purported to regulate the production of groundwater in ways the Legislature never authorized.

In response to the suit, the District and the Directors filed pleas to the jurisdiction. We note that all of the claims against the Directors were brought against them in their official capacities as members of the District's board. We further note that for the purpose of this appeal, the Plaintiffs' Fourth Amended Petition[3] is the petition that is the pleading that was before the trial court when it denied the pleas.

Approximately six months after the suit was filed, the trial court conducted a hearing on the pleas. Three months after the hearing, the trial court denied both pleas, concluding that it possessed subject-matter jurisdiction over all of the claims before the court. The District and Directors then filed timely interlocutory appeals from the trial court's orders denying their pleas. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West Supp. 2016) (authorizing interlocutory appeals from a trial court's ruling denying a governmental unit's plea to the jurisdiction); *Tex. A&M*

---

[3] The Large Water Producers' Fourth Amended Petition includes claims against the District based on section 36.251 of the Texas Water Code, which authorizes suits against groundwater districts to challenge "the validity of [a] law, rule, or order." *See* Tex. Water Code Ann. § 36.251(a) (West Supp. 2016). While the District argues that the Declaratory Judgements Act does not operate as an independent waiver with respect to challenges to the validity of a groundwater district's rules, it does not argue that a court is not authorized to resolve such challenges by virtue of the authority the Legislature delegated to courts in section 36.251(a) of the Water Code. *Compare* Tex. Civ. Prac. & Rem. Code Ann. § 37.004 (West 2015), *with* Tex. Water Code Ann. § 36.251(a).

*Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 844 (Tex. 2007) (explaining that section 51.014(a)(8) of the Civil Practice and Remedies Code allows a state official to pursue an interlocutory appeal on a ruling denying the official's plea).

Standard of Review

As a dilatory plea, a plea to the jurisdiction is used to defeat a plaintiff's cause of action without regard to whether the plaintiff's claims have merit. *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Generally, unless there is a statute waiving a governmental entity's right to governmental immunity or a claim that the government took the defendant's property, trial courts lack subject-matter jurisdiction to hear suits that involve claims filed against governmental entities. *See Fed. Sign v. Tex. S. Univ.*, 951 S.W.2d 401, 403 (Tex. 1997); *Duhart v. State*, 610 S.W.2d 740, 741 (Tex. 1980). Given that governmental entities and their officials are generally immune from suit, a plaintiff, when suing a governmental entity and its officials, must file pleadings that "affirmatively demonstrate the court's jurisdiction by alleging a valid waiver of immunity." *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003). The purpose of requiring that the pleadings demonstrate how a trial court possesses the right to hear the case exists so that the trial court can be informed regarding the basis of the plaintiff's claim regarding how it can exercise subject-matter jurisdiction over the claims that have

7

been filed in the suit. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993).

On appeal, unless the jurisdictional facts are disputed, an appellate court reviews a trial court's ruling on a plea to the jurisdiction as a question of law. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226, 228 (Tex. 2004). In appeals where the jurisdictional facts are not in dispute, we apply a *de novo* standard in reviewing an appeal from a trial court's ruling. *Id*. When reviewing a ruling on a plea to the jurisdiction, we determine whether the pleadings before the trial court contained sufficient factual allegations to allow the trial court to determine that it had jurisdiction over the dispute. *Id*. In reviewing the facts the plaintiff chose to allege in its pleadings, we are not to weigh whether the plaintiff's claims have merit; instead, we are to determine whether the pleadings and the evidence before the trial court sufficiently demonstrated that the trial court could properly exercise jurisdiction over the claims in dispute. *See Cty. of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002). If the facts alleged in the plaintiff's pleadings are insufficient to show that the trial court properly exercised jurisdiction over the dispute, but the pleadings can be corrected by amendment, we must allow the plaintiff an opportunity to amend its pleadings before dismissing the suit. *Miranda*, 133 S.W.3d at 226-27. However, when the pleadings are not capable of being amended in a way

that would cure the pleading insufficiency, the appeals court is required to dismiss the suit, with prejudice. *See Harris Cty. v. Sykes*, 136 S.W.3d 635, 639 (Tex. 2004).

The trial court's resolution of the District's and the Directors' pleas relied principally on the trial court's interpretation of the Texas Water Code and the Declaratory Judgments Act. *See* Tex. Water Code Ann. § 36.251; Tex. Civ. Prac. & Rem. Code Ann. §§ 37.004, 37.009. A trial court's interpretation of a statute is reviewed using a *de novo* standard. *See Johnson v. City of Fort Worth*, 774 S.W.2d 653, 655-56 (Tex. 1989). When construing statutes, courts are required to determine and give effect to the Legislature's intent. *See Nat'l Liab. & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527 (Tex. 2000). Moreover, an appeals court should determine the intended meaning of a statute, if possible, from the language utilized in the statute being considered. *Id*. If the statute being considered is not ambiguous, it is to be interpreted based on its plain meaning. *See St. Luke's Episcopal Hosp. v. Agbor,* 952 S.W.2d 503, 505 (Tex. 1997).

Governmental Immunity – The District

In their suit, the Large Water Producers challenged the validity of various rules that the District adopted to govern the production of groundwater from wells in Montgomery County. The Large Water Producers claimed that the rules they challenged regulating the volume of groundwater that each could produce on a per annum basis were invalid because the groundwater districts, while authorized to

9

create rules that regulated groundwater production in some way were not authorized to regulate in the manner the District had chosen to regulate groundwater production through its rules. In response to the petition, the District asserted that the Declaratory Judgments Act did not waive its immunity because the Declaratory Judgments Act applies to claims challenging the validity of statutes, but not to rules. In this appeal, we note that the District has not challenged the claims the Large Water Producers made to its rules regulating groundwater production under section 36.251 of the Texas Water Code. *See* Tex. Water Code Ann. § 36.251 (authorizing suits against groundwater districts for claims challenging a groundwater district's rules). In a separately filed plea, the Directors asserted that they were immune from all of the Large Water Producers' claims, including those that they had filed that were based on the Texas Water Code.

Generally, the doctrine of governmental immunity includes the concept that a governmental entity is immune from liability and immune from suit. *See Lubbock Cty. Water Control & Improvement Dist. v. Church & Akin, L.L.C.*, 442 S.W.3d 297, 300 (Tex. 2014) (citing *Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006)). Like other governmental entities, groundwater districts have governmental immunity unless the Legislature has waived the district's right to governmental immunity. *See* Tex. Water Code Ann. §§ 36.001(1), 36.001(15), 36.011(a) (West 2008 & Supp. 2016) (indicating that underground water districts are political

10

subdivisions of the State); Tex. Water Code Ann. § 36.251 (authorizing judicial review of suits based on the Texas Water Code that challenge the validity of a groundwater district's law, rule or order); s*ee also Kirby Lake Dev., Ltd. v. Clear Lake City Water Auth.*, 320 S.W.3d 829, 835-36 (Tex. 2010) (noting that water control improvement districts, which exist by virtue of Chapter 51 of the Texas Water Code, and general law water districts, which exist by virtue of Chapter 49 of the Texas Water Code, are political subdivisions of the State); *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006) (noting that in *Miranda*, the Court held that sovereign immunity from suit deprives a trial court of subject-matter jurisdiction).

In its appeal, the District argues that under the Declaratory Judgments Act, (1) it remains immune from the Large Water Producers' *ultra vires* claims; (2) the Declaratory Judgments Act does not authorize declaratory relief with respect to challenges to a governmental entity's rules; and (3) the Declaratory Judgments Act does not waive a groundwater district's immunity with respect to claims for attorney's fees. In response to the District's arguments, the Large Water Producers argue that (1) the Texas Water Code allows parties challenging a groundwater district's rules to rely on other statutes such as the Declaratory Judgements Act where they apply to the action; (2) the Declaratory Judgments Act operates as a waiver concerning the Large Water Producers' claims that the District's rules they

11

were challenging were invalid; and (3) groundwater districts are not immune from claims for attorney's fees because the Declaratory Judgments Act provides that a trial court may award attorney's fees and the Water Code provides that its provisions are cumulative of other remedies.

First, we address the Large Water Producers' argument that the Declaratory Judgments Act waived the District's right to governmental immunity with respect to the challenge the Large Water Producers had made to the validity of the District's rules. Generally, we observe that the Declaratory Judgments Act is not a statute that courts have construed as the type of statute that waives a governmental entity's immunity from suit. *See Sw. Bell Tel., L.P. v. Emmett*, 459 S.W.3d 578, 587 (Tex. 2015); *City of El Paso v. Heinrich*, 284 S.W.3d 366, 373 (Tex. 2009). Nevertheless, the Large Water Producers' argument does not depend solely on the Declaratory Judgments Act, as their pleadings alleged that the Water Code authorized the trial court to hear their claims challenging the District's rules. *See* Tex. Water Code Ann. § 36.251 (authorizing suits against groundwater districts "to challenge the validity of the law, rule or order"). Section 36.251 of the Water Code provides:

> (a) A person, firm, corporation, or association of persons affected by and dissatisfied with any rule or order made by a district, including an appeal of a decision on a permit application, is entitled to file a suit against the district or its directors to challenge the validity of the law, rule, or order.

12

(b) Only the district, the applicant, and parties to a contested case hearing may participate in an appeal of a decision on the application that was the subject of that contested case hearing. An appeal of a decision on a permit application must include the applicant as a necessary party.

(c) The suit shall be filed in a court of competent jurisdiction in any county in which the district or any part of the district is located. The suit may only be filed after all administrative appeals to the district are final.

*Id*.

According to the Large Water Producers, the Declaratory Judgments Act waives a governmental entity's immunity from a declaratory judgment claim where the claims are based on alleged *ultra vires* acts of the entity's officials. However, we find no provision in the Declaratory Judgments Act that waives immunity with respect to *ultra vires* claims, particularly since the Texas Supreme Court has explained that the Act does not operate as an independent waiver. *See Emmett*, 459 S.W.3d at 587; *Heinrich*, 284 S.W.3d at 373. However, the Large Water Producers' pleadings also asserted that section 36.251 of the Texas Water Code authorized courts to consider challenges to a groundwater district's rules when all administrative appeals are final.[4] *See id*. In this appeal, the District did not argue at

---

[4] Although the District's plea to the jurisdiction alleges that the Large Water Producers failed to exhaust their administrative remedies, that pleading related only to rules the District adopted that are referred to as "desired future conditions." After the District filed its plea, the Large Water Producers amended their petition and dropped their complaint that the rules regarding desired future conditions were

trial or in its appeal that the Large Water Producers failed to exhaust their administrative remedies regarding the rules that were being challenged. And, since the Texas Water Code provides that its provisions "do not affect other legal or equitable remedies," the Large Water Producers are entitled to rely on the Declaratory Judgments Act regarding the challenge they presented to the validity of the District's rules. *See* Tex. Water Code Ann. § 36.254.

The District also argues that the Declaratory Judgments Act does not apply to challenges to the validity of a groundwater district's rules, and that the Act is limited to challenges that are made to the validity of statutes and ordinances. *Compare* Tex. Civ. Prac. & Rem. Code Ann. § 37.004 (Subject Matter of Relief), *with* Tex. Civ. Prac. & Rem. Code Ann. § 37.003(c) (West 2015) (Power of Courts to Render Judgment; Form & Effect). We disagree. Assuming without deciding that the Large Water Producers exhausted their administrative remedies with respect to the rules being challenged, section 36.251 of the Water Code authorizes a trial court to hear complaints regarding the validity of a groundwater district's rules, and section 36.066 of the Water Code allows groundwater districts to be sued for that purpose. Tex. Water Code Ann. § 36.251; *Id.*, § 36.066(a). We overrule the District's first two issues.

---

invalid. The rules regarding the desired future conditions are not the rules that are at issue in the appeal.

In issue three, the District argues that the trial court does not possess subject-matter jurisdiction over the Large Water Producers' claim for attorney's fees. In their brief, the Large Water Producers argue that the Declaratory Judgments Act authorizes courts to award a party that successfully obtains declaratory relief attorney's fees. In response, the District argues that neither the Texas Water Code nor the Declaratory Judgments Act include an express waiver of governmental immunity with respect to claims for attorney's fees.

Section 37.009 of the Declaratory Judgments Act authorizes courts to award attorney's fees in declaratory judgment actions. Tex. Civ. Prac. & Rem. Code Ann. § 37.009. Nonetheless, a general authorization allowing a party to recover attorney's fees does not constitute an express waiver of a governmental entity's right to immunity from attorney's fee claims. *See Heinrich*, 284 S.W.3d at 370 (noting that the Declaratory Judgments Act "does not enlarge a trial court's jurisdiction, and a litigant's request for declaratory relief does not alter a suit's underlying nature"). Importantly, the attorney's fees provision in the Declaratory Judgments Act does not contain language to indicate that it was intended to waive a governmental entity's right to immunity from claims for monetary damages, including attorney's fees. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.009.

In its brief, the District points out that a party who successfully challenges the validity of a groundwater district's rules under the provisions of the Texas Water

15

Code is not authorized to recover attorney's fees. *See* Tex. Water Code Ann. §§ 36.001-.419 (West 2008 & Supp. 2016). According to the District, the Legislature could not have intended to authorize a successful challenger to a groundwater district's rules to recover attorney's fees given that the Legislature, in the Water Code, failed to authorize the recovery of such fees. *See Patel v. Tex. Dep't of Licensing & Regulation*, 469 S.W.3d 69, 79 (Tex. 2015) ("Under the redundant remedies doctrine, courts will not entertain an action brought under the [Declaratory Judgments Act] when the same claim could be pursued through different channels.").

While the Water Code generally authorizes Texas courts to hear a party's challenge to the validity of a groundwater district's rules, the Water Code does not authorize a party that prevails on such a challenge to recover attorney's fees. *See* Tex. Water Code Ann. §§ 36.001-.419. While the Water Code authorizes a groundwater district to recover fees if it successfully defends its rules, the Legislature chose not to give the challenger a reciprocal right to recover its fees. *See* Tex. Water Code Ann. § 36.066(g). In our view, the Legislature's decision not to burden a groundwater district with a challenger's claims for fees is a significant factor that supports our conclusion that the trial court erred in failing to dismiss the Large Water Producers' claim for attorney's fees.

The Large Water Producers suggest that by making the Water Code cumulative of other remedies, the Legislature intended to allow a party that successfully challenged a groundwater district's rules to recover the attorney's fees it incurred in its action even though it did not authorize such a recovery within the Water Code. *See* Tex. Water Code Ann. § 36.254 (Subchapter Cumulative); Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (Costs). However, neither the Declaratory Judgments Act nor Texas Water Code contain provisions waiving a governmental entity's right to governmental immunity regarding claims for attorney's fees. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.009; Tex. Water Code Ann. § 36.251; *see also Tex. Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 621 (Tex. 2011); *Heinrich*, 284 S.W.3d at 370. In other words, even if declaratory relief is an available remedy under the Declaratory Judgments Act, it does not follow that attorney's fees are available as well. *See MBM Fin. Corp. v. Woodlands Operating Co., L.P.*, 292 S.W.3d 660, 669 (Tex. 2009). Generally, "the rule is that a party cannot use the [Declaratory Judgments] Act as a vehicle to obtain otherwise impermissible attorney's fees." *Id*. In this case, a challenger to a groundwater district's rules cannot recover attorney's fees because such fees are not recoverable under the Water Code. *See* Tex. Water Code Ann. § 36.066(g)-(h). Allowing a recovery of fees under the Declaratory Judgments Act when they are not allowed under the Water Code would violate the rule that a specific statute prevails over one that is more general. *See*

17

*Jackson v. State Office of Admin. Hearings*, 351 S.W.3d 290, 301 (Tex. 2011) (holding that the plaintiff could not recover fees under the Declaratory Judgments Act where his claims were based on the Texas Public Information Act and the plaintiff failed to prove he was entitled to attorney's fees under the provisions of that Act); *MBM Fin. Corp.*, 292 S.W.3d at 670 (concluding that the trial court erred by allowing a recovery of attorney's fees under the Declaratory Judgments Act when the claim was not one that was allowed based on the plaintiff's breach of contract claim or otherwise available at common law).

We conclude that the Large Water Producers failed to allege a valid basis to demonstrate that the trial court could properly exercise subject-matter jurisdiction over the Large Water Producers' claims for attorney's fees. We hold the trial court erred when it denied the District's plea with respect to the claim the Large Water Producers filed for attorney's fees.

We further conclude that the Large Water Producers' claim for attorney fees should have been dismissed with prejudice. The record shows that the Large Water Producers amended their pleadings several times before the trial court ruled on the District plea, and they have not, in the appeal, explained how their pleadings could be amended to demonstrate that the trial court could hear their claims seeking to recover fees. Consequently, their claims for attorney's fees must be dismissed, with prejudice. *See Sykes*, 136 S.W.3d at 639 (requiring that an order granting a plea to

18

the jurisdiction dismiss the claim with prejudice where the plaintiffs' pleadings cannot be amended to cure the defect that bars the suit); Tex. R. App. P. 43.2(c).

Official Immunity - The Directors

The claims the Large Water Producers filed against the Directors were all based solely on their duties as members of the groundwater district's board. Additionally, as to the Directors, the Large Water Producers' claims were based on the Directors votes to pass rules the Large Water Producers claimed were outside the authority the Legislature extended to groundwater districts to regulate the production of groundwater.

After they were sued, the Directors challenged whether the trial court could hear the claims against them by filing a plea to the jurisdiction. The plea the Directors filed asserts that section 36.066(a) of the Water Code immunized them as board members of a groundwater district from being sued for their official votes and actions as members of the District's board. *See* Tex. Water Code Ann. § 36.066(a).

Section 36.066(a) of the Texas Water Code provides:

> A district may sue and be sued in the courts of this state in the name of the district by and through its board. A district board member is immune from suit and immune from liability for official votes and official actions. To the extent an official vote or official action conforms to laws relating to conflicts of interest, abuse of office, or constitutional obligations, this subsection provides immunity for those actions. All courts shall take judicial notice of the creation of the district and of its boundaries.

*Id.* The trial court did not make any written findings to explain why it had decided to deny the Directors' plea. However, we note that in this case, no claim was made alleging that the Directors voted or took actions in violation of the rules or laws on conflicts of interest, that the Directors abused their offices, or that the Directors violated their constitutional obligations.

On appeal, the Directors argue that the trial court's denial of their plea should be overturned because (1) as directors, section 36.066(a) of the Texas Water Code immunized them from the Large Water Producers' claims that concerned their votes in favor of the District's rules; (2) the Declaratory Judgments Act did not authorize Texas courts to resolve complaints about a governmental entity's rules, in contrast to challenges concerning the validity of ordinances or statutes; and (3) as the more specific statute, the Texas Water Code and not the Declaratory Judgments Act applies to the Large Water Producers' complaints concerning the District's rules.

In its brief, the Large Water Producers argue that section 36.066(a) of the Water Code should be construed as a limited grant of immunity to the directors when they are sued in their personal capacities, but that it should not be construed as a grant of immunity if a groundwater district director is sued in the director's official capacity for exceeding the authority granted to directors by the Legislature to regulate groundwater. To resolve the scope of the immunity the Legislature extended to the members of a groundwater district's board, we must construe the language the

20

Legislature chose to use in section 36.066(a) of the Texas Water Code. Tex. Water Code Ann. § 36.066(a). In their brief, the Large Water Producers argue that when it enacted section 36.066, the Legislature did not intend to immunize the directors of a groundwater district's board from claims alleging that the directors acted outside the authority extended to them by the Legislature, i.e., claims for *ultra vires* acts. *See Houston Belt & Terminal Ry. Co. v. City of Houston*, 487 S.W.3d 154, 158 n.1 (Tex. 2016) (recognizing that "when a governmental officer is sued for allegedly *ultra vires* acts, governmental immunity does not apply from the outset"). The Large Water Producers contend that the Directors' votes approving rules beyond their authority are actions the court should not consider as official acts under section 36.066(a). *See* Tex. Water Code Ann. § 36.066(a).

We apply a *de novo* standard to review the trial court's conclusion that the Directors were not immune from the Large Water Producers' claims asserting that they had passed rules that exceeded the authority extended to them by the Legislature to regulate the production of groundwater. *See State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006). When a statute is unambiguous, the words used in the statute are to be given their common meaning. *See Nat'l Liab. & Fire Ins. Co.*, 15 S.W.3d at 527; *Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865 (Tex. 1999). Additionally, the Water Code provides that the construction of the Water Code should be based on the rules of construction found in Chapter 311 of the

21

Government Code. *See* Tex. Water Code Ann. § 1.002 (West 2008) (requiring courts to use the Code Construction Act to construe the Water Code); Tex. Gov't Code Ann. §§ 311.001-.034 (West 2013) (Code Construction Act). Under the Code Construction Act, if the words of a statute are not expressly defined, the words used in the statute are to be examined in context and in accord with "the rules of grammar and common usage." Tex. Gov't Code Ann. § 311.011(a) (West 2013). Moreover, we will not expand the plain meaning of a statute by enlarging on a word's common meaning. *See Nat'l Plan Adm'rs, Inc. v. Nat'l Health Ins. Co.*, 235 S.W.3d 695, 701 (Tex. 2007) ("[W]e do not expand the meaning of statutes by implication[.]"); *see also Lenz v. Lenz*, 79 S.W.3d 10, 19 (Tex. 2002) ("When construing a statute, we ascertain the Legislature's intent from the plain meaning of the actual language used."); *Sorokolit v. Rhodes*, 889 S.W.2d 239, 241 (Tex. 1994) ("In applying the plain and common meaning of the language in a statute, courts may not by implication enlarge the meaning of any word in the statute beyond its ordinary meaning; such implication is inappropriate when legislative intent may be gathered from a reasonable interpretation of the statute as it is written.").

Generally, *ultra vires* claims involve suits against state officials and are based on the claim that the official's acts exceeded the authority the official possessed. *See Heinrich*, 284 S.W.3d at 373. In cases alleging *ultra vires* claims, courts have typically viewed the government officials of the entity, not the entity itself, as the

22

proper parties to a claim seeking to have a statute or ordinance declared invalid. *See id.* at 373, n.6 (recognizing that by requiring the relevant governmental entity to be made a party to a suit seeking a declaratory judgment that an ordinance or statute was invalid, the Declaratory Judgments Act "requires that the relevant governmental entities be made parties, and thereby waives immunity") (citing Tex. Civ. Prac. & Rem. Code Ann. § 37.006(b) (West 2015)). Although the government officials are generally named as the party to a claim based on an alleged *ultra vires* act, courts have nevertheless recognized that *ultra vires* claims are, for all practical purposes, claims against the governmental entity to have a court declare a statute invalid. *See Heinrich*, 284 S.W.3d at 373 (recognizing that suits against state officials in their official capacities are suits that are "for all practical purposes [suits] against the state").

By allowing the validity of a groundwater district's rules to be challenged in court, the Legislature expanded the number of suits that groundwater districts and their directors might face. In our opinion, section 36.066(a) of the Water Code simply recognizes the practical reality that a groundwater district's officials generally need not be required to be formal parties to such suits. By allowing *ultra vires* claims that concern the validity of a groundwater district's rules to be filed directly against groundwater districts, a groundwater district's directors are no longer needed as parties so long as no claim is being made that a director's vote did

23

not "conform to laws relating to conflicts of interest, abuse of office, or [the director's] constitutional obligations[.]" *See* Tex. Water Code Ann. § 36.066(a).

In their pleadings, and in their appeal, the Large Water Producers have not alleged or argued that any of these exceptions to the general rule that a groundwater district's directors are immune for their votes apply. While the Large Water Producers argue that the Legislature intended to make directors of groundwater districts immune only in their personal capacities for their votes, we cannot interpret section 36.066(a) so narrowly, as the provision grants directors of groundwater districts immunity for their official votes and actions. Giving the provision such a narrow meaning would effectively make the directors subject to suit for having voted on a groundwater district's rules, giving the provision a meaning that is plainly inconsistent with the words the Legislature used in the statute. *See Nat'l Plan Adm'rs, Inc.*, 235 S.W.3d at 701.

We also do not agree with the Large Water Producers' argument that section 36.066(a) gave the directors of groundwater districts unlimited immunity while acting in their official capacities. Section 36.066(a) clarifies that the official board member is immune "[t]o the extent an official vote or official action conforms to laws relating to conflicts of interest, abuse of office, or constitutional obligations[.]" Tex. Water Code Ann. § 36.066(a). Therefore, a director of a groundwater district would not be immune if the director's votes or acts included voting on a matter on

24

which the director had a conflict of interest, or if the vote related to the director's abuse of office,[5] or if the vote violated the director's constitutional obligations.[6] *See id*.

Reading section 36.066(a) as extending a limited degree of immunity to directors of groundwater districts for voting on rules harmonizes section 36.066(a) with section 36.251, as there are limited circumstances under which a director could be made a party to a suit where the suit involved the director's votes or actions. *See* Tex. Gov't Code Ann. § 311.025(b) (West 2013) (requiring amendments to the same statute enacted at the same legislative session to "be harmonized, if possible, so that effect may be given to each"); Tex. Water Code Ann. §§ 30.066(a), 36.251; *see also Clint Indep. Sch. Dist. v. Cash Investments, Inc.*, 970 S.W.2d 535, 539 (Tex. 1998) (stating that "courts should not assign a meaning to a provision that would be inconsistent with other provisions of the act"). Additionally, by reading section 36.066(a) to provide directors of groundwater districts a broad but limited degree of immunity for their votes on a district's rules avoids reading the waiver in section 36.066 as merely a codification of existing law. *See Heinrich*, 284 S.W.3d at 376 (noting that while the law generally allows claims against state officials where it is

---

[5] *See* Tex. Penal Code Ann. §§ 39.01-.06 (West 2011 & Supp. 2016) (Abuse of Office).

[6] *See* Tex. Const. art. XVI, § 1 (Official Oath).

proven that the officials acted outside their authority, the law then limits the plaintiff's remedy to prospective injunctive relief). Finally, our construction of section 36.066(a) is consistent with the common meaning of the terms "official votes" and "official actions," as neither term is statutorily defined. *See* Tex. Water Code Ann. § 36.001; *Id.* § 36.066(a). Black's Law Dictionary defines "official act" as "[o]ne done by an officer in his official capacity under color and by virtue of his office." BLACK'S LAW DICTIONARY 1084 (6th ed. 1990).

In the absence of a claim that the directors of a groundwater district voted while having a conflict of interest, were guilty of abuse of office, or voted in violation of their constitutional obligations they undertook in their oaths, the directors of groundwater districts are immune from actions based on their votes as directors. *See* Tex. Water Code Ann. § 36.066(a). We conclude that the Directors are immune from the Large Water Producers' claims alleging they enacted rules that the Large Water Producers contend are invalid. We hold the trial court erred by denying the Directors' plea to the jurisdiction.

The record shows that the Large Water Producers amended their claims several times before the trial court ruled on the Directors' plea, and they never alleged that any of the exceptions we have discussed apply to their claims. Therefore, we further conclude that the claims against the Directors should be dismissed, with prejudice. *See Sykes*, 136 S.W.3d at 639 (requiring that an order granting a plea to

26

the jurisdiction dismiss the defendant, with prejudice, based on its claim of immunity from suit if the record shows that the plaintiff had a reasonable opportunity to amend its pleadings after the defendant filed its plea).[7]

## Conclusion

We hold the Directors established that they were immune from being sued for their official votes and actions in passing the rules the Large Water Producers challenged in their Fourth Amended Petition. We reverse the trial court's order denying the Directors' plea, and we render judgment dismissing the Directors from trial court cause number 15-08-08942-CV, with prejudice.

With respect to the Large Water Producers' claims against the District, we affirm the trial court's ruling except with respect to the claim for attorney's fees. As to the attorney's fees claim, the trial court's order is reversed and the trial court's order is reformed to read as follows: "Upon considering the pleadings, the plea, response and reply, the evidence, and the arguments of counsel, the District's plea to the jurisdiction should be granted in part and denied in part. Regarding the Large Water Producers' claims for attorney's fees under section 37.009 of the Civil Practice and Remedies Code, the District's plea is granted and the claim for attorney's fees is dismissed with prejudice. Otherwise, the District's plea is denied."

---

[7] Given our resolution favoring the Directors on their plea, we need not reach the Directors' remaining arguments to resolve the issues the Directors raised in their appeal. Tex. R. App. P. 47.1.

27

AFFIRMED IN PART, REVERSED AND RENDERED IN PART.

_____
HOLLIS HORTON
Justice

Submitted on September 15, 2016
Opinion Delivered February 2, 2017

Before McKeithen, C.J., Horton and Johnson, JJ.