COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| COCKRELL INVESTMENT PARTNERS, L.P., | § | |
| | § | No. 08-21-00200-CV |
| Appellant, | § | Appeal from the |
| v. | § | 83rd District Court |
| | § | of Pecos County, Texas |
| MIDDLE PECOS GROUNDWATER CONSERVATION DISTRICT, TY EDWARDS, in his Official Capacity as General Manager of the MIDDLE PECOS GROUNDWATER CONSERVATION DISTRICT, and FORT STOCKTON HOLDINGS, L.P., | § | (TC# P-8277-83-CV) |
| | § | |
| | § | |
| Appellees. | § | |

## SUBSTITUTED OPINION

Appellant's Motion for Rehearing is hereby denied. The opinion and judgment issued on March 8, 2023 is withdrawn, and the following is the substituted opinion of this Court.

Appellant, Cockrell Investment Partners, L.P. (Cockrell), appeals the trial court's judgment granting summary judgment in favor of Appellees, which include the Middle Pecos Groundwater Conservation District and its general manager, Ty Edwards, in his official capacity (collectively, the District), as well as Fort Stockton Holdings, L.P. (FSH) (collectively, Appellees), and further appeals the court's order denying its cross motion for summary judgment. Cockrell sought judicial review of: (1) the District's decision to deny it party status as to FSH's application to renew its

2017 permit to produce and export 28,400-acre feet of groundwater, and (2) the District's ultimate decision to renew FSH's permit for a three-year term. After initially denying the District and FSH's plea to the jurisdiction, the trial court granted their motions for summary judgment. On appeal, Cockrell asserts the trial court erred in its interpretation of the applicable statutes and in finding it lacked jurisdiction to consider the claims asserted. Finding no error, we affirm.

# I.  BACKGROUND

## A.  The parties

Cockrell Investment Partners, L.P., is a limited partnership that owns property located in Pecos County, Texas, and it holds certain permits issued by the District. The District is a governmental entity and political subdivision governing the groundwater underlying Pecos County, Texas. Ty Edwards served as general manager of the District during the relevant time alleged by Cockrell's suit. FSH is a limited partnership that owns a groundwater estate covering approximately 18,000 acres of land, west of Fort Stockton, in Pecos County, Texas. FSH also submitted permit applications and received permits issued by the District.

In 2017, the District entered into a settlement agreement with FSH and a predecessor entity, resulting in the approval of two permit applications in favor of FSH: (1) a permit amending the amount of production in its historical and existing use permit (H&E permit), and (2) an export permit giving it the right to produce and export 28,400-acre feet of groundwater for a three-year term. Cockrell then filed suit against the District, the District's board president, FSH, and another company, contesting the District's decision to deny it party status to FSH's two permit applications and asserting the underlying settlement agreement was void. This suit led to a prior appeal that was very recently resolved by this Court. *See Cockrell Inv. Partners, L.P., v. Middle Pecos Groundwater Conservation Dist.*, No. 08-21-00017-CV, 2023 WL 2050024, at *1 (Tex. App.—

2

El Paso Feb. 16, 2023, no pet. h.) (Cockrell I).[1] After the trial court granted the District's plea to the jurisdiction, Cockrell appealed that ruling. We affirmed the trial court's decision after concluding that Cockrell failed to exhaust its administrative remedies before seeking judicial review.

### B. The renewal application

But further events developed regarding the parties and the permits issued to FSH in 2017. The export permit giving FSH the right to produce and export 28,400-acre feet of groundwater for a three-year term—was set to expire on July 18, 2020, if not renewed. On April 2, 2020, FSH sent a letter to the District regarding its application to renew the 2017 Regular Production Permit. The letter indicated it desired a renewal of its permit for an additional three-year period using the same terms and conditions including the export provisions and the Special Permit Conditions contained in the existing permit. FSH requested the District consider the letter as a renewal application pursuant to § 36.1145 of the Texas Water Code. *See* TEX. WATER CODE ANN. § 36.1145 (Operating Permit Renewal).

On May 18, 2020, Cockrell filed with the District a written request for party status in any hearing on FSH's application for permit renewal. Cockrell asserted FSH was conflating the statutory requirements of §§ 36.1145 and 36.122 of the Texas Water Code. It asserted the export component of the permit was "exclusively governed by Section 36.122 of the Texas Water Code[.]" *See id.* § 36.122 (Transfer of Groundwater Out of District). Additionally, Cockrell asserted it had a justiciable interest in FSH's request for a permit renewal.

On May 22, 2020, the District's general manger, Ty Edwards, informed FSH by letter that he had granted its renewal request pursuant to §§ 36.1145 and 36.122 of the Texas Water Code

---

[1] A more comprehensive background is included in *Cockrell I. See Cockrell I,* 2023 WL 2050024, at *1–4.

and Rule 11.8(f) of the District's rules.[2] Edwards indicated the permit would be renewed for another three-year term "as long as FSH satisfactorily addresses Special Permit Conditions," as further detailed in the letter. Edwards also specifically advised as follows:

> Please note that Rule 11.8(f) requires that I inform the District's Board of this decision, which the Board may overrule. Rule 11.8(f) also provides you with the right to appeal my decision to the Board. I intend to add items to the next District Board agenda as contemplated by Rule 11.8(f) and to provide the Board an opportunity to consider and act on *Cockrell Investment Partners, L.P.'s Request for Party Status* regarding the Renewal Application. Our next meeting is currently scheduled to be in person on Tuesday, June 16, 2020, at the Pecos County Courthouse, and I encourage you to attend. Between now and then, I look forward to working with you to satisfy the requirements of Special Permit Conditions 7, 9, 13, and 14.

On June 16, 2020, the District held a regular board meeting and permit hearing. Meeting minutes record that some argument occurred about whether FSH needed to comply with the requirements of § 36.122 of the Water Code, as well as whether a hearing needed to take place on FSH's permit renewal request. The minutes further reflect that Cockrell had requested party status. At the conclusion of the meeting, the minutes indicate the Board took no further action on the issue.

---

[2] Rule 11.8(f) states:

> Any permit holder seeking renewal may appeal the General Manager's ruling by filing, within ten (10) calendar days of notice of the General Manager's ruling, a written request for a hearing before the Board. The Board will hear the applicant's appeal at the next available regular Board meeting. The General Manager shall inform the Board of any renewal applications granted or denied. On the motion of any Board member, and a majority concurrence in the motion, the Board may overrule the action of the General Manager. The General Manager may authorize an applicant for a permit renewal to continue operating under the conditions of the prior permit, subject to any changes necessary under proportional adjustment regulations or these rules, for any period in which the renewal application is the subject of a hearing.

Rule 11.8(f), Middle Pecos Groundwater Conservation Rules (Aug. 18, 2020), https://www.middlepecosgcd.org/pdf/rules/2020/MPGCD%20Rules%20-%20adopted%20August%202020.pdf?_t=1600099392.

**C. Cockrell files suit**

On September 11, 2020, while *Cockrell I* remained pending on appeal, Cockrell filed its original petition and application for temporary injunction. The suit named several defendants to include the District, Ty Edwards, in his capacity as the District's general manager, FSH, the City of Abilene, the City of San Angelo, and the City of Midland. Under the Texas Uniform Declaratory Judgments Act (UDJA), Cockrell sought a declaration as to whether § 36.122 of the Water Code allowed a three-year export permit to be renewed or extended without the construction of a water conveyance system. Cockrell asserted § 36.122 of the Water Code required a permitholder to begin construction of a conveyance system such as to turn a three-year permit into a 30-year permit renewable under § 36.1145 of the code. Cockrell sought a judicial declaration interpreting the meaning of § 36.122 and a declaration that the District and Edwards both acted outside their scope of authority when they renewed FSH's permit. Additionally, Cockrell sought judicial review of the District's failure to conduct a hearing on FSH's application to renew its permit and its decision to deny it party status.

All defendants filed pleas to the jurisdiction. The city defendants, Abilene, San Angelo, and Midland, each asserted they were home rule municipalities vested with governmental immunity and Cockrell had failed to assert a valid waiver of immunity. The District also asserted that Cockrell had failed to allege a waiver of immunity, adding it was not an applicant nor a party to a contested case hearing that pertained to the renewal permit. Additionally, the District asserted there was no basis for declaratory relief due to the redundant remedies doctrine. Relying on a decision of the Supreme Court of Texas, they argued this doctrine precludes declaratory relief "where a party is seeking in the same action a different enforceable remedy, and a judicial declaration would add nothing to what would be implicit or express in a final judgment." *See*

5

*Patel v. Texas Dep't of Licensing & Regulation*, 469 S.W.3d 69, 79 (Tex. 2015). Lastly, FSH alleged that Cockrell lacked standing.

The trial court held a hearing on the pleas to the jurisdiction on December 17, 2020. At the conclusion of the hearing, the trial court verbalized its intention to grant the pleas of the city defendants. But it further indicated it found it could be called upon to look at the meaning and application of the permitting process for permit renewals. As a result, the court denied the pleas to the jurisdiction asserted by the District, Edwards, and FSH. On January 11, 2021, the trial court entered a written order granting the city defendants their pleas to the jurisdiction. On the next day, the trial court entered a written order denying the pleas to the jurisdiction of FSH, the District, and Edwards.

### D. Cross motions for summary judgment

On March 10, 2021, Cockrell filed a motion for partial summary judgment. Cockrell moved for partial summary judgment on its declaratory action claim and to declare Edwards had improperly renewed the 2017 export permit under the plain terms of the Texas Water Code. Cockrell asserted two grounds in support of its motion: (1) that the permit renewal provisions applicable to FSH's 2017 permit required it commence construction of a water conveyancing system to qualify for permit renewal, and (2) the Texas Water Code expressly excludes § 36.122(i)(1) permits from being renewed via the automatic renewal provisions of § 36.1145. To its motion, Cockrell attached evidence described as follows: FSH 2017 Export Permit, the FSH 2020 Permit Renewal Application, Cockrell's Request for Party Status, meeting minutes for the renewal meeting held on June 16, 2020, and the District's plea to the jurisdiction.

In response, the District and Edwards jointly filed a cross motion for partial summary judgment in their favor regarding Cockrell's claims and its administrative appeal. The District

6

asserted § 36.1145 did not require a hearing on the request for permit renewal; and consequently, party status could not be afforded to others. Independently, FSH also filed a cross motion for summary judgment against Cockrell's claims. FSH re-urged its arguments made in its plea to the jurisdiction, asserting Cockrell lacked standing and the trial court had no jurisdiction to consider its complaints.

On October 20, 2021, the trial court granted FSH's separate motion for summary judgment, and granted, as well, the joint motion of the District and Edwards, while it denied Cockrell's cross motion for summary judgment. The trial court's order did not specify any basis for these rulings. Moreover, the trial court also awarded attorney's fees and other costs pursuant to a prior agreement reached between the District and Cockrell.

In filing its appeal, Cockrell originally included all parties. The notice of appeal indicated it was challenging the trial court's final judgment on summary judgment signed on October 20, 2021, and its earlier order granting the city defendants' pleas to the jurisdiction. Based on an agreement, Cockrell and the city defendants later filed a joint motion for partial dismissal of the appeal during its pendency. We granted the motion and partially dismissed the appeal as to the city defendants while modifying it against the remaining parties. *See Cockrell Inv. Partners, L.P. v. Middle Pecos Groundwater Conservation Dist.*, No. 08-21-00200-CV, 2022 WL 3715477, at *1 (Tex. App.—El Paso Aug. 29, 2022, no pet.) (mem. op.).

## II.  ISSUES ON APPEAL

Cockrell presents two issues on appeal. First, Cockrell asserts the district court erred in denying its motion for partial summary judgment while granting Appellees' cross motions regarding the proper construction of § 36.122 of the Texas Water Code. Second, Cockrell contends

7

the trial court erred in dismissing its administrative appeal and its request for declaratory relief based on: (1) lack of standing, and (2) its alleged request for redundant remedies.

Because the second issue implicates the trial court's jurisdiction, we reorder the issues to address the jurisdictional arguments first.

## III. STANDARD OF REVIEW

Appellate courts review the granting of a motion for summary judgment de novo. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013); *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). "Although the denial of summary judgment is normally not appealable, we may review such a denial when both parties moved for summary judgment and the trial court granted one and denied the other." *Texas Mun. Power Agency v. Pub. Util. Comm'n of Texas*, 253 S.W.3d 184, 192 (Tex. 2007). When both parties move for summary judgment and the trial court grants one motion and denies the other, we review all the summary judgment evidence, determine all issues presented, and render the judgment the trial court should have. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).

In reviewing a traditional motion for summary judgment, we apply the following standards: (1) the movant has the burden of showing there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, (2) evidence favorable to the non-movant will be taken as true when deciding whether there is a disputed material fact issue precluding summary judgment, and (3) every reasonable inference is indulged in favor of the non-movant and any doubts resolved in its favor. *Nixon v. Mr. Prop. Mgmt. Co., Inc.*, 690 S.W.2d 546, 549 (Tex. 1985).

When the trial court does not specify the grounds for its ruling, a summary judgment must be affirmed if any of the grounds on which judgment is sought are meritorious. *Merriman*, 407 S.W.3d at 248.

## IV. THE PERMIT FRAMEWORK

### A. Texas groundwater districts

Groundwater districts are political subdivision of the State of Texas created under Article XVI, Section 59 of the Texas Constitution. *See* TEX. CONST. art. XVI, § 59; TEX. WATER CODE ANN. §§ 36.001(1), 36.001(15), 36.011(a). Except as provided by § 36.117, § 36.113 of the Act provides that "a district shall require a permit for the drilling, equipping, operating, or completing of wells or for substantially altering the size of wells or well pumps." TEX. WATER CODE ANN. § 36.113(a). A groundwater district oversees the process for permit applications and issues appropriate permits. *See id.* §§ 36.113, .114, .401–.418.

### B. Permit renewals

The case at hand more specifically concerns the process for renewing permits previously issued by a groundwater district. Section 36.1145 governs an operating permit renewal. *See id.* § 36.1145. Specifically, § 36.1145 provides as follows:

> (a) Except as provided by Subsection (b), a district shall without a hearing renew or approve an application to renew an operating permit before the date on which the permit expires, provided that:
>
> > (1) the application, if required by the district, is submitted in a timely manner and accompanied by any required fees in accordance with district rules; and
> >
> > (2) the permit holder is not requesting a change related to the renewal that would require a permit amendment under district rules.
>
> (b) A district is not required to renew a permit under this section if the applicant:
>
> > (1) is delinquent in paying a fee required by the district;
> >
> > (2) is subject to a pending enforcement action for a substantive violation of a district permit, order, or rule that has not been settled by agreement with the district or a final adjudication; or

9

> (3) has not paid a civil penalty or has otherwise failed to comply with an order resulting from a final adjudication of a violation of a district permit, order, or rule.
>
> (c) If a district is not required to renew a permit under Subsection (b)(2), the permit remains in effect until the final settlement or adjudication on the matter of the substantive violation.

*Id.* § 36.1145.

A second provision is at issue here. Section 36.122 governs the transfer of groundwater out of the district. *Id.* § 36.122. This provision addresses the applicable considerations when districts determine whether to grant or deny a permit that seeks to transfer groundwater outside of the district's boundaries. *See id.* § 36.122(a). The statute provides that certain conditions apply including a specification of "the period for which the water may be transferred." *Id.* § 36.122(h)(2). The period shall be:

> (1) at least three years if construction of a conveyance system has not been initiated prior to the issuance of the permit; or
>
> (2) at least 30 years if construction of a conveyance system has been initiated prior to the issuance of the permit.

*Id.* § 36.122(i). When a term is specified as one under (i)(1), the term "shall automatically be extended to the terms agreed to under Subsection (i)(2) if construction of a conveyance system is begun before the expiration of the initial term." *Id.* § 36.122(j). Moreover, this provision further provides in pertinent part:

> A district shall extend a term under Subsection (i)(2) or (j) on or before its expiration in the manner prescribed by Section 36.1145:
>
> (1) to a term that is not shorter than the term of an operating permit for the production of water to be transferred that is in effect at the time of the extension; and
>
> (2) for each additional term for which that operating permit for production is renewed under Section 36.1145 or remains in effect under Section 36.1146.

*Id.* § 36.122(j-1).

### C. Governmental immunity and judicial review

It is well established that sovereign immunity protects the State from lawsuits for money damages. *Reata Construction Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006). A groundwater district, as a political subdivision, is also entitled to this same immunity—referred to as governmental immunity when applied to a groundwater district—unless it has been waived. *Pecos Cnty. v. Fort Stockton Holdings, L.P.*, 457 S.W.3d 451, 453 (Tex. App.—El Paso 2014, no pet.); *see also Lone Star Groundwater Conservation District v. City of Conroe*, 515 S.W.3d 406, 412–13 (Tex. App.—Beaumont 2017, no pet.). To this extent, the Texas Water Code provides that a suit can be brought against groundwater districts in the following instances:

> (d) A person, firm, corporation, or association of persons affected by and dissatisfied with any rule or order made by a district, including an appeal of a decision on a permit application, is entitled to file a suit against the district or its directors to challenge the validity of the law, rule, or order.

> (e) Only the district, the applicant, and parties to a contested case hearing may participate in an appeal of a decision on the application that was the subject of that contested case hearing. An appeal of a decision on a permit application must include the applicant as a necessary party.

> (f) The suit shall be filed in a court of competent jurisdiction in any county in which the district or any part of the district is located. The suit may only be filed after all administrative appeals to the district are final.

*Id.* § 36.251.

## V. JURISDICTIONAL ARGUMENTS

In its second issue, Cockrell asserts the trial court erred in granting summary judgment on the basis it lacked jurisdiction to hear its two claims. Cockrell argues it had standing to bring an administrative appeal of the denial of party status and claim for declaratory relief. Appellees respond that because Cockrell was neither a permit applicant nor a party to a contested case

hearing, no waiver of immunity applied either to the District or to its general manager. Appellees contend that jurisdictional prerequisites were not met. Because the trial court could have granted the summary judgment on jurisdictional grounds, and such would be dispositive of this appeal, we address this issue first.

### A. Party status claims

We begin with Cockrell's complaints against the District for denying it party status and granting FSH's renewal permit. It contends the District misapplied the statutes governing renewal applications. Appellees argue that Cockrell lacked standing to protest the District's denial of party status, and to that end, it further lacked standing to protest the District's ultimate decision to renew FSH's permit. Cockrell urges it had standing to bring the administrative appeal in the trial court because the Water Code granted such standing under § 36.251(a). Cockrell also contends it has a "personal stake" in the instant controversy because it contests the District's denial of its request for party status regarding FSH's renewal application.

Section 36.251(a) of the Water Code entitles any persons, who is "affected by and dissatisfied with" any rule or order made by a district, may file suit against the district or its directors to challenge the validity of the law, rule, or order. *See* TEX. WATER CODE ANN. § 36.251(a). This language broadly permits an appeal to be taken by any person "affected by and dissatisfied with" a decision by a district, which would include a challenge to a decision on a request for party status on a permit application. *See generally Texas Comm'n on Env't Quality v. City of Aledo*, No. 03-13-00113-CV, 2015 WL 4196408, at *3 (Tex. App.—Austin July 8, 2015, no pet.) (mem. op.) (stating the court has repeatedly allowed persons to appeal a commission's actions without having been designated as a party to the agency proceedings on the basis it did not

12

establish it was an affected party when the applicable code section does not limit appeal to "parties" on ruling).

Yet, regarding the decision made on an application that was the subject of a contested case hearing, subsection (b) of the provision imposes a limit on who may file suit. Section 36.251(b) establishes that "[o]nly the district, the applicant, and parties to a contested case hearing," may participate in an appeal of a decision on the application. *See id.* § 36.251(b). When subsection (a) and (b) are read together, it then becomes clear that persons denied party status may appeal the party status decision, but they may not otherwise appeal the district's final decision on the permit application. *See* TEX. WATER CODE ANN. § 36.251(b); *End Op, L.P. v. Meyer*, No. 03-18-00049-CV, 2018 WL 4102013, at *2 (Tex. App.—Austin Aug. 29, 2018, no pet.) (mem. op.) (finding governmental immunity not waived because landowners could not challenge the final order granting the disputed permit application because it was not a party to the application under § 36.251 of the Texas Water Code). Regardless, in either scenario, the suit against the district may only be filed "after all administrative appeals to the district are final." *See* TEX. WATER CODE ANN. § 36.251(c).

Cockrell contended it had exhausted its administrative remedies prior to filing its suit. The parties concede that Cockrell submitted a motion for rehearing to the District on July 6, 2020. The District did not formally act on the motion. A request for rehearing is deemed denied on the 91st day after the date the request is submitted. *See* TEX. WATER CODE ANN. § 36.412(e). Here, the motion would not be denied by operation of law until October 5, 2020. Yet, Cockrell filed the underlying suit on September 11, 2020. As we held in *Cockrell I*, filing suit before a motion for rehearing has been ruled on or deemed overruled by operation of law is premature. Such a prematurely filed suit does not exhaust administrative remedies, which is necessary to waive immunity. *See* TEX. WATER CODE ANN. § 36.413 (providing that judicial review may not be sought under § 36.251 of the Water Code

13

if a request for rehearing was not timely filed). For this reason, we conclude that Cockrell lacks standing to pursue a complaint on the District's denial of party status. Absent party status, Cockrell could not file suit challenging the District's decision to grant a permit renewal. *See id.* 36.251(b). To contest a decision made on a permit application, a person must be a party to a contested case hearing. *See id.* In short, Cockrell cannot establish a waiver of immunity. Such waiver of immunity is a prerequisite to filing a suit challenging the District's renewal of FSH's permit.[1]

Based on Cockrell's lack of party status, it cannot travel under § 36.122(b)'s waiver of immunity to challenge the District's renewal of FSH's application. The trial court lacked subject matter jurisdiction. We conclude the trial court's grant of summary judgment can be upheld on this basis alone.

### B. The UDJA claim

Cockrell secondly asserted a claim under the Uniform Declaratory Judgments Act (UDJA) requesting an interpretation of the relevant Water Code statutes. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.004(a). Cockrell alleged the District and its general manager renewed FSH's permit outside the scope of their authority under Chapter 36 of the Texas Water Code.

The UDJA, however, is "merely a procedural device for deciding cases already within a court's jurisdiction." *El Paso County v. El Paso Cnty. Emergency Servs. Dist. No. 1*, 622 S.W.3d 25, 38 (Tex. App.—El Paso 2020, no pet.). The Supreme Court of Texas has held that sovereign immunity bars UDJA actions against the state and its political divisions absent a legislative waiver.

---

[3] Appellees further point out in briefing that Cockrell never in fact requested a hearing on the renewal application, and no contested hearing was ever held. For multiple reasons, Appellees contend the trial court lacked jurisdiction to consider Cockrell's appeal of the District's permit-renewal decision: (1) that Cockrell had no real, imminent, or particularized injury directly connected to the District's decision to renew FSH's permit; (2) that Cockrell actually never requested a contested hearing on the application; and therefore, had no standing to complain about one not held; (3) that the renewal of permits is governed by § 36.1145 of the Act, which mandates that no hearing be held on a renewal request; and (4) that § 36.1145 also mandates the automatic renewal of groundwater permits if the conditions prescribed by the statute are met, and Cockrell did not contest that such were met. Because Cockrell failed to establish a waiver of immunity, Appellees' additional arguments are not reached. *See* TEX. R. APP. P. 47.1.

*City of El Paso v. Heinrich*, 284 S.W.3d 366, 373 (Tex. 2009). Jurisdictional limitations cannot be avoided by merely pleading claims under the UDJA, as this procedural vehicle does not operate as a general waiver of sovereign immunity. *Id.* at 370. Said differently, "the UDJA does not enlarge the trial court's jurisdiction but is merely a procedural device for deciding cases already within a court's jurisdiction." *Texas Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 621-622 (Tex. 2011)) (internal quotation marks omitted).

Appellees assert Cockrell's UDJA claims were barred by the "redundant remedies doctrine." Because Cockrell utilized the statutory process afforded under § 36.251 in filing its suit, Appellees assert Cockrell's UDJA claims are redundant as they target the same decisions. Cockrell responds that its UDJA claims go beyond seeking reversal of the District's decision to renew the permit. Rather, Cockrell contends it sought an injunction against the use of the FSH permit and investments made in reliance on the permit. We conclude it is unnecessary to determine whether Cockrell's UDJA claims were barred by the redundant remedies' doctrine. Regardless, Cockrell's UDJA claims lack a valid waiver of immunity.

Generally, a plaintiff may seek a declaration of his or her rights under a statute or other law under the UDJA. *See, generally*, TEX. CIV. PRAC. & REM. CODE ANN. § 37.004(a). But to maintain such an action against a party with governmental immunity, the plaintiff must plead a valid waiver of immunity. *El Paso Cnty. Emergency Services Dist. No. 1*, 622 S.W.3d at *40 (citing *Sefzik*, 355 S.W.3d at 621). Cockrell did not seek a declaration of its own rights under the Water Code but rather sought an interpretation of certain provisions to invalidate the District's actions regarding the renewal of FSH's permit. The UDJA itself does not waive the District's immunity for that purpose. *Id.* Therefore, the trial court could also grant summary judgment on this basis.

We overrule Cockrell's second issue.

## VI.  REMAINING ISSUE ON APPEAL

Because we conclude that Cockrell failed to establish a waiver of immunity for either its claim for party status or its claim under the UDJA, we conclude the trial court did not err in granting Appellees' motions for summary judgment and in denying Cockrell's cross motion. Given the resolution we reached on Cockrell's jurisdictional issue, we further conclude it is not necessary to final disposition of the appeal to address the first issue regarding the proper construction of § 36.122. *See* TEX. R. APP. P. 47.1.

## VII.  CONCLUSION

We affirm.

GINA M. PALAFOX, Justice

July 10, 2023

Before Rodriguez, C.J., Palafox, and Soto, JJ.